IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TAE KIM,
    Petitioner,

v.                                                    Civil No. 3:22cv810 (DJN)

HAROLD W. CLARKE,
    Respondent.

## MEMORANDUM OPINION

Tae Kim, a former Virginia prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the County of Chesterfield ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the grounds that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. As explained below, the Motion to Dismiss (ECF No. 7) will be GRANTED, and the § 2254 Petition, (ECF No. 1), will be DENIED as untimely.[1]

## I. PROCEDURAL HISTORY

Following *Alford* pleas,[2] Kim was convicted of obtaining utilities without payment, in violation of section 18.2–187.1 of the Virginia Code, and attempted identity fraud, in violation of sections 18.2–186.3 and 18.2–26. (ECF No. 8–1, at 1.) On January 22, 2019, the Circuit Court sentenced Kim to ten years of incarceration with nine years and three months suspended. (*Id.* at 2–3.) Kim appealed. On August 27, 2020, the Supreme Court of Virginia refused Kim's appeal.

---

[1]    The Court corrects the capitalization, spelling and punctuation and omits emphasis and symbols in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

[2]    *North Carolina v. Alford*, 400 U.S. 25 (1970).

(ECF No. 8–3, at 14.) On November 25, 2020, the Supreme Court of Virginia denied Kim's petition for rehearing. (*Id.* at 21.)³

On November 29, 2021, Kim filed "papers [that] purport to be a petition for writ of habeas corpus." (ECF No. 8–4, at 1.) By Order entered December 6, 2021, the Circuit Court explained that "[t]he papers submitted fail to properly use, and fail to substantially comply with, the form required by Virginia Code § 8.01–655" and "[i]n accordance with such statute, the Court **ORDERS** the Clerk of the Court to return the papers submitted to Tae Kim" and found "nothing further to be done" and struck the matter from the docket. (*Id.*)

On February 28, 2022, Kim, by counsel, filed a petition for appeal in the Supreme Court of Virginia, arguing that the Circuit Court erred in rejecting Kim's submissions. (ECF No. 8–5, at 1–2, 5.) On September 29, 2022, the Supreme Court of Virginia refused the petition for appeal. (*Id.* at 17.)

On December 28, 2022, Kim filed his § 2254 Petition. Kim raises the following claims:

Claim One: "Due process violation regarding state court's refusal to allow Kim to withdraw plea because of prosecutor's statements concerning charging Kim's mother with perjury coerced him into entering it." (ECF No. 1, at 6.)

Claim Two: "Ineffective assistance for advising Kim to take plea without first going over all evid[ence] or advising that Kim's mother could not be charged with perjury, and where a viable defense existed." (*Id.* at 8.)

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

---

³ Kim fails to even mention that he filed this petition for rehearing on either the § 2254 Petition form or in the accompanying memoranda. Rather, the Court found the petition for rehearing in the state court records filed by Respondent.

of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Kim's judgment became final on April 26, 2021,[4] when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or

---

[4] On March 19, 2020, the Supreme Court of the United States extended the time for filing a petition for a writ of certiorari from 90 days to 150 days in light of the COVID-19 pandemic. *United States v. Spencer*, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022). "The Supreme Court rescinded this order on July 19, 2021 . . . ." *Id.* at *1 n.2.

when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). Kim therefore had one year, i.e., until April 26, 2022, to file a petition pursuant to 28 U.S.C. § 2254. Kim failed to file his § 2254 Petition until December 28, 2022, more than eight months beyond this deadline.

### C.     No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (second emphasis added). "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*." *Id.* at 9.

Although Kim filed "papers," the Circuit Court rejected them, because they "fail to properly use, and fail to substantially comply with, the form required by Virginia Code § 8.01–655," and ordered them simply returned to Kim without any consideration. (ECF No. 8–4, at 1.) These papers may have been pending, but were not properly filed, and did not toll the limitation period. *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) ("Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA." (quoting *Brown v. Shannon*, 322 F.3d 768, 775 n.5 (3d Cir. 2003))); *Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001) (explaining that federal courts "look[] at how the state courts treated a filing and "if the state court rejects it as procedurally irregular, it has not been 'properly

4

filed'"). Because the state court rejected these post-conviction submissions as not in compliance with state law, they were not properly filed, and they fail to entitle Kim to statutory tolling.

Although Kim appealed the Circuit Court's rejection of Kim's papers as noncompliant with state law, the Supreme Court of Virginia did not overturn the Circuit Court's decision. Kim's appeal of the rejected submission does not qualify for statutory tolling. *Douglas*, 359 F.3d at 262. Kim's state post-conviction filings fail to entitle him to any statutory tolling.

Consequently, the one-year statute of limitations bars Kim's § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period or that some equitable exception allows him to avoid the statute of limitations. Neither Kim nor the record suggest any plausible basis for a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(D) or any entitlement to equitable tolling of the limitation period.[5] Accordingly, Kim's § 2254 Petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, the Court will GRANT Respondent's Motion to Dismiss, (ECF No. 7), and will DENY Kim's § 2254 Petition, (ECF No. 1).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Kim and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 27, 2023

---

[5] At most, the § 2254 Petition states: "The Federal Section 2254 Habeas Petition is being filed within the 1-year statute of limitations." (ECF No. 1, at 14.) As discussed above, that is simply not true.